UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

In re:                                                              Chapter 11

PEARL 53 LLC,                                                       Case No.

                                      Debtor.
--------------------------------------------------------------x

## DEBTOR'S DECLARATION
## PURSUANT TO LOCAL BANKRUPTCY RULE 1007-4

David Goldwasser declares the following under penalties of perjury pursuant to 28 U.S.C. § 1746:

1.      My firm, GC Realty Advisors LLC, recently became the Manager of Pearl 53 LLC (the "Debtor"), with the responsibility of supervising the Debtor's restructuring efforts as a would-be buyer under a contract for the acquisition of development property at 53 Pearl Street, Brooklyn, NY (the "Pearl Street Property") from 177 Water LP, as seller (the "Seller").

2.      In recent weeks, the underlying contract has become subject to fierce disputes as to whether the Seller is able to comply with all of its closing obligations and representations.  The Debtor contends that the Seller improperly declared a time of the essence closing, which was properly rejected by the Debtor because the Seller was not actually ready to proceed.

3.      While there were prior discussions regarding an extension of the closing through May 15, 2020, the Debtor has opted to file a Chapter 11 petition to seek a prompt resolution of all pending disputes, notwithstanding the intervening Covid-19 crisis.  The Debtor views the Chapter 11 filing as providing the best forum to resuscitate a development that has been in the works for more than two years, without the spectre of multiple litigations.

4.      Since my appointment, I have begun reviewing the Debtor's legal and financial records, and will continue to do so in consultation with the Debtor's pre-petition real estate counsel and bankruptcy counsel.

5.      I respectfully submit this Declaration in accordance with Local Bankruptcy Rule 1007-4 in support of the Debtor's filing of a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

**Background Surrounding the Chapter 11 Filing**

6.      The Debtor was originally organized in November, 2017 in connection with the negotiation and ultimate execution of a certain Contract of Sale, dated as of December 27, 2017, as subsequently amended on multiple occasions (collectively, the "Sale Contract"). Under the Sale Contract, the Debtor agreed to purchase the Pearl Street Property for the original purchase price of $11,600,000, including an initial deposit of $850,000 (the "Deposit"). Based on the ensuing amendments, the purchase price was reduced to the current sum of $9,850,000 (subject to certain conditions which are in dispute), and the Deposit was increased to $928,000 and subsequently released to the Seller.

7.      The Property itself is comprised of a relatively older residential apartment building in Downtown Brooklyn. The Debtor entered into the Sale Contract with the intent of making wholesale renovations to the building. The key aspect of the redevelopment project requires the Seller to deliver the Pearl Street Property free of existing tenants and properly deregulated.

8.      To this end, the Sale Contract contained a number of covenants and representations that the Pearl Street Property would be delivered vacant, without tenants, and not subject to any residual tenant claims. The process took some time to complete, and the Sale

Contract was formally amended on January 24, 2018, February 12, 2019 and November 6, 2019, respectively.

9.        Under the various amendments, the Deposit, as augmented, was released to the Seller, as noted above, to fund surrender payments to tenants, while the Debtor began to pay debt service of approximately $11,000 per month.  All told, the Debtor has expended more than $1.4 million to be in position to close, not to mention funding the costs of professionals in readying the Debtor and the Pearl Street Property for the redevelopment project.

### Current Disputes

10.        During the lead-up to closing, a number of issues arose, although the major bone of contention was whether the Seller, in fact, vacated the building in compliance with all Loft Law and IMD rules and regulations.  Based upon a full review of the process, it appears that former tenants may have potential claims against the Seller or the Pearl Street Property due to non-compliance with the Loft Law and IMD requirements.

11.        Because of the potential tenant issues, the Debtor contends that the Seller is not, and was not, actually ready to close on the last closing date of March 26, 2020, or any time thereafter.    The parties then exchanged alleged default letters, pursuant to which the Debtor rejected the Seller's demand to close, when the Covid-19 crisis took hold.

12.        Covid-19 certainly complicates the matter.  Thus, the Debtor is taking the proactive step of commencing a Chapter 11 filing, with the goal of attempting to resolve all potential claims and issues with the Seller through negotiation, or litigation as necessary.

13.        The existence of potential claims from former tenants negatively impacts the overall economics of the Sale Contract, and likely warrants further adjustments in the

purchase price.   At various points, the Seller indicated agreement, at least in principle, to a further reduction in the purchase price and additional time to close.

14.     If a final deal can be struck with the Seller, the Debtor can then use the Chapter 11 claims process to address all potential tenant claims, so the Debtor can then proceed to complete the acquisition and close with the Seller.

15.     With the State Courts effectively closed, Chapter 11 is the best, and perhaps, the only available forum to address the myriad issues surrounding the Sale Contract.

### Local Rule 1007-4 Disclosures

16.     Pursuant to Local Rule 1007-4(a)(iv) and (v), no committees were formed prior to the filing of the Debtor's Petition.

17.     Pursuant to Local Rule 1007-4(a)(vi), a list of the Debtor's twenty largest creditors is included as part of the Debtor's bankruptcy schedules, being filed herewith.

18.     Pursuant to Local Rule 1007-4(a)(vii), the Debtor has no secured creditors.

19.     Pursuant to Local Rule 1007-4(a)(viii), the Debtor's assets and liabilities are set forth in schedules being filed herewith.

20.     Pursuant to Local Rule 1007-4(a)(ix), a list of the Debtor's member equity trusts, is also annexed hereto.

21.     Pursuant to Local Rule 1007-4(a)(x), none of the Debtor's assets are in the possession or custody of any custodian, public officer, mortgagee, pledge, assignee of rents or secured creditor.

22.     Pursuant to Local Rule 1007-4(a)(xi), the Debtor is a contract vendee, and does not yet own the Property.

23.     Pursuant to Local Rule 1007-4(a)(xii), the Debtor's books and records are located in the Debtor's offices in Great Neck, New York.

24.     Pursuant to Local Rule 1007-4(a)(xiii), the Debtor is not a party to any pending lawsuits.

25.     Pursuant to Local Rule 1007-4(a)(xiv), the undersigned is the manager of the Debtor.

26.     Pursuant to Local Rule 1007-4(a)(xv), the Debtor has no direct employees.

27.     Pursuant to Local Rule 1007-4(a)(xvi and xvii), the Debtor does not anticipate making any disbursements in the next thirty (30) days, unless the disputes with the Seller are resolved in a quicker timeframe than anticipated.

Dated:  New York, New York
        April 28, 2020

_____
David Goldwasser, Managing Member of GC Realty Advisors LLC, Non-Member Manager of the Debtor