**177 WATER LIMITED PARTNERSHIP**
**50 Hudson Avenue**
**Brooklyn, New York 11201**

December 18, 2020

Pearl 53 LLC, Alex Nogreh and Jonathan Bijari
60 Cutter Mill Road
Great Neck, NY 11021

    Re: Agreement of Purchase and Sale dated December __, 2020 (the "**Sale Agreement**") between 177 Water Limited Partnership, as "**Seller**", and ZB Capital Group LLC, as "**Purchaser**", in respect of real property located at 53 Pearl Street, Brooklyn, New York (the "**Property**")

Gentlemen:

    Seller previously entered into an Agreement of Purchase and Sale with Pearl 53 LLC (the "**Debtor**") dated as of December 27, 2017 (as the same was thereafter amended, the "**Original Contract of Sale**"), for the sale of the Property. Seller subsequently terminated the Original Contract of Sale. On April 28, 2020, Debtor filed a petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court in the Eastern District of New York (the "**Bankruptcy Court**") under Case No. 20-41911 (the "**Chapter 11 Case**"). Seller and Debtor now desire to settle matters specific to the Original Contract of Sale and the Property which are the subject of the Chapter 11 Case, upon the following terms and conditions:

    1. Terms used herein but not defined herein shall have the meanings given to them in the Original Contract of Sale.

    2. Immediately upon execution of the Sale Agreement:

  (a) Debtor shall, with prejudice (subject only to Debtor's express limited right to appeal under the circumstances set forth in section 2(c) below), withdraw its appeal from the Order granting summary judgment in favor of Seller in Adversary Proceeding No. 20-01049 currently pending in the United States District Court (the "**District Court**") for in the Eastern District of New York. Such withdrawal shall occur by signing a stipulation in the form attached hereto as Exhibit A and submitting it to the District Court within two business days of the date of this letter agreement.

  (b) Seller, on the one hand, and Jonathan Bijari and Alex Nogreh ("**Debtor's Principals**"), on the other hand, effective upon closing of transfer of title to Purchaser under the Sale Agreement, shall be deemed to have released and discharged all claims of whatever nature, known and unknown, whether suspected or unsuspected, liquidated or unliquidated, contingent or liquidated, asserted and/or unasserted, which they have or may have against each other, the partners of Seller, the heirs, legal representatives, successors and/or assigns of any of the

foregoing, and the attorneys and other professionals of the released parties, which claims exist or may have existed or accrued prior to the signing of this letter agreement. In addition, any plan of reorganization approved and confirmed by the Bankruptcy Court in connection with the Chapter 11 Case (the "**Plan**") shall include a release of Seller and its partners, successors and/or assigns, attorneys or other professionals effective upon confirmation of the Plan.

(c) Seller has agreed to permit the Debtor to nominate Purchaser as the contract vendee under the Sale Agreement. Upon full execution and delivery of the Sale Agreement by Seller and Purchaser, Debtor agrees (subject to approval by the District Court) to waive any right to file a brief or otherwise pursue any appeal except in the sole instance in which (i) Seller willfully refuses to close under the Sale Agreement (as determined by the court which will hear such appeal) and (ii) Purchaser has cancelled the Sale Agreement. Any appeal brief must be filed within ten (10) days after the date of Seller's alleged willful refusal to close under the Sale Agreement; *provided*, *however*, no appeal may be pursued while the Sale Agreement is in effect.

3. Debtor and Debtor's Principals agree to pursue confirmation of the Plan diligently and in good faith. The Plan shall provide for (i) the ratification and approval of the purchase and sale of the Property contemplated by the Sale Agreement, (ii) transfer tax and mortgage recording tax exemptions in connection with the purchase and sale contemplated by the Sale Agreement, (iii) full release of Seller and its partners by Debtor, and (iv) Debtor's waiver of rights of appeal as described above.

4. Debtor and Debtor's Principals acknowledge and agree that they are not be entitled to any fees or commissions in connection with the Purchaser's acquisition of the Property.

5. As a condition to, and upon execution of, this letter agreement, Debtor's Principals agree to reimburse Seller for the final $7,500.00 payment made by Seller to Langan Engineering, Environmental, Surveying, Landscape Architecture and Geology D.P.C. in connection with the Property.

6. Debtor acknowledges and agrees that the Original Contract of Sale has been irrevocably terminated by Seller in accordance with the terms and provisions thereof and is of no further force and effect, as determined by the Bankruptcy Court in Adversary Proceeding No. 20-01049.

7. Debtor represents that it shall simultaneously with the execution hereof irrevocably instruct Old Republic Title Insurance Company, as the escrow agent under the Original Contract of Sale, orally and in writing, to release and indefeasibly pay to Seller all remaining funds held in escrow by the escrow agent (the **"Deposit Balance"**). Debtor agrees to take all actions necessary to cooperate in obtaining the release and payment of the Deposit Balance to Seller as soon as possible, until such date as Seller receives the Deposit Balance. Debtor acknowledges that it has no rights in or to the Deposit Balance, and the Deposit Balance is not property of the Debtor's Bankruptcy Estate.

8. This letter agreement shall bind Seller and Debtor and inure to the benefit of their permitted assigns. The rights and obligations of the parties hereto are not assignable, and

any such assignment or purported assignment shall be null and void. The Debtor shall, if necessary, ask the Bankruptcy Court to approve this Agreement.

9. This letter agreement shall be governed by New York law.

10. This letter agreement may be modified only by a written agreement signed by Seller, Debtor and Debtor's Principals.

11. Signatures on this letter agreement which are transmitted by email or facsimile transmission shall be deemed to be originals thereof. This letter agreement may be executed in counterparts, all of which, taken together, shall constitute one complete agreement.

12. Each of the parties hereto hereby irrevocably waives, to the fullest extent permitted by applicable law, after opportunity to consult with independent legal counsel, the right to a jury trial in connection with any action, suit or proceeding (including without limitation contract claims, tort claims, breach of duty claims, and all other common law and statutory claims and counterclaims) that directly or indirectly relates to the subject matter of this letter agreement.

Very truly yours,

177 WATER LIMITED PARTNERSHIP

By: *Melanie Masett*
Name:
Title:

ACCEPTED:

**PEARL 53 LLC**

By: _____
Name: Alex Nogreh
Title: Member

Alex Nogreh, personally

By: _____
Name: Jonathan Bijari
Title: Member

Jonathan Bijari, personally

any such assignment or purported assignment shall be null and void. The Debtor shall, if necessary, ask the Bankruptcy Court to approve this Agreement.

9. This letter agreement shall be governed by New York law.

10. This letter agreement may be modified only by a written agreement signed by Seller, Debtor and Debtor's Principals.

11. Signatures on this letter agreement which are transmitted by email or facsimile transmission shall be deemed to be originals thereof. This letter agreement may be executed in counterparts, all of which, taken together, shall constitute one complete agreement.

12. Each of the parties hereto hereby irrevocably waives, to the fullest extent permitted by applicable law, after opportunity to consult with independent legal counsel, the right to a jury trial in connection with any action, suit or proceeding (including without limitation contract claims, tort claims, breach of duty claims, and all other common law and statutory claims and counterclaims) that directly or indirectly relates to the subject matter of this letter agreement.

Very truly yours,

177 WATER LIMITED PARTNERSHIP

By: _____
Name:
Title:

ACCEPTED:

**PEARL 53 LLC**

By: _____
Name: Alex Nogreh
Title: Member

Alex Nogreh, personally

By: _____
Name: Jonathan Bijari
Title: Member

Jonathan Bijari, personally

Exhibit A

Stipulation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
                                                                              :

PEARL 53 LLC,                                         :

                              Plaintiff,              :

      -against-                       :    **Case No.: 20-cv-04061-AMD**

177 WATER LP,                                :

                            Defendant.           :
----------------------------------------------------------X

## STIPULATION AND ORDER WITHDRAWING APPEAL

**WHEREAS**, by order dated August 14, 2020, the United States Bankruptcy Court for the Eastern District of New York granted the 177 Water LP's (the "**Defendant**") motion for summary judgment dismissing the adversary proceeding commenced by Pearl 53 LLC (the "**Plaintiff/Debtor**") and held the contract of sale entered into between Defendant and the Plaintiff/Debtor was validly terminated prior to the Debtor's chapter 11 filing (the "**Order**"); and

**WHEREAS**, the Debtor timely filed a notice of appeal of the Order; and

**WHEREAS**, the Plaintiff/Debtor and the Defendant have agreed to a settlement which requires the Plaintiff/Debtor to withdraw with prejudice the appeal from the Order except to the extent set forth below.

**NOW, THEREFORE**, it is hereby agreed and stipulated:

       1.       The Plaintiff/Debtor hereby withdraws the appeal from the Order with prejudice.

2.Solely in the event the Defendant willfully refuses to close under the new contract of sale between Defendant and ZB Pearl LLC with respect to the real property at issue in the Debtor's chapter 11 case, the Plaintiff/Debtor shall have the right notwithstanding paragraph 1 to prosecute an appeal from the Order on condition Plaintiff/Debtor files its opening brief within 10 days after the Defendant willfully fails to close and the new contract of sale is terminated.

3.The parties to this stipulation shall promptly file this stipulation to the District Court and request it be so ordered.

4.This stipulation shall not be modified, altered, amended or vacated without prior written consent of the parties.

5.This stipulation represents the entire agreement between the parties and supersedes all other prior agreements, understandings, or discussions, both written and oral, among the parties, in respect of the subject matter hereof.

6.The person executing this stipulation on behalf of each respective party warrants and represents that he is authorized and empowered to execute and deliver this stipulation on behalf of such party.

7.The parties agree the District Court shall retain exclusive jurisdiction to interpret, implement, and enforce the provisions of this Stipulation and Order.

| | |
|---|---|
| Dated: New York, New York<br>      December \_\_\_, 2020 | Dated: New York, New York<br>      December \_\_\_, 2020 |

**GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP**
*Attorneys for Pearl 53, LLC*

By:_____
    Kevin Nash, Esq.
    1501 Broadway, 22nd Floor
    New York, NY 10036
    Tel: (212) 301-6943
    Email: knash@gwfglaw.com

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for 177 Water LP*

By: /s/ Scott S. Markowitz
    Scott S. Markowitz, Esq.
    1350 Broadway, 11th Floor
    New York, NY 10018
    Tel: (212) 216-8000
    Fax: (212) 216-8001
    Email: smarkowitz@tarterkrinsky.com

SO ORDERED:

Dated: December \_\_\_\_, 2020
      New York, New York

_____
**HONORABLE ANN M. DONNELLY**
**UNITED STATES DISTRICT JUDGE**